STATE v. KINCHEN EDWARDS.

(Filed 27 February, 1924.)

**Health—Municipal Corporations—Ordinances—Milk—Pasteurization.**

> An ordinance requiring milk to be pasteurized under reasonable regulations before being sold for human consumption within its limits, and requiring an annual license therefor from the county health officer, is a valid exercise of the police power of a city; and a fine of twenty-five dollars may be imposed upon one violating its provisions.

APPEAL by defendant from *Connor, J.,* at October Term, 1923, of EDGECOMBE.

Criminal prosecution tried upon a warrant charging the defendant with selling milk within the town of Tarboro which had not been pasteurized as required by ordinance. From a conviction and fine of $25 and costs, the defendant appeals.

*Attorney-General Manning, Assistant Attorney-General Nash, and Gilliam & Bond for the State.*

*G. M. Fountain and W. O. Howard for defendant.*

STACY, J. Defendant assails the validity of his trial upon the ground that the ordinance under which he was convicted is an unreasonable exercise of the police power and is therefore void. The pertinent provisions of the ordinance in question are as follows:

"(b) After 1 August, 1918, it shall be unlawful for any milk or cream to be sold for human consumption in the town of Tarboro which shall not have been previously pasteurized in accordance with the standard set forth in this ordinance. (Standard duly set forth in a subsequent section.)

"(d) No milk may be sold in the town of Tarboro except by persons having a license for this purpose, which license first shall have been

obtained from the county health officer. Such license must be renewed yearly, and is subject to cancellation at any time in case of violation of any of the provisions of this ordinance by the licensee.

"(w) Violation of any of the provisions of this ordinance shall constitute a misdemeanor, and a fine of $25 shall be imposed upon any person found guilty of such violation."

That a city in the exercise of its police power may require milk for human consumption to be pasteurized, and may prescribe reasonable regulations under which the pasteurization shall be done, is the decision in *Koy v. Chicago*, 263 Ill., 122; 104 N. E., 1104; Ann. Cas., 1915 C, 67. To like effect is the holding in *Pfeffer v. Milwaukee*, 177 N. W. (Wis.), 850; 10 A. L. R., 128. And *S. v. Kirkpatrick*, 179 N. C., 747, is in support of the same position. We think the ordinance in question is valid. *Lee v. Waynesville*, 184 N. C., 565; 6 R. C. L., 241. Its violation is admitted by the defendant.

No error.